IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 Case No. 21-cr-10038-2-JWB

ALEJANDRO ARROYO,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. 94.) The motion is fully briefed and ripe for decision. (Doc. 94, 96, 99.) The motion is denied for the reasons stated herein.

**I.   Facts**

On January 20, 2022, Defendant Alejandro Arroyo pled guilty to Count 1 of the superseding indictment against him, which charged possession with Conspiracy to Distribute of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. (Doc. 30, 45.) Defendant signed a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a sentence range of 120–156 months with five years of supervised release. (Doc. 45.)

According to his presentence report ("PSR"), Defendant was held accountable for 59,312.25 kilograms of converted drug weight. (Doc. 55 at 15.) Defendant also received a two-level enhancement because officers discovered a firearm during a search of Defendant's residence. (*Id.* at 16, ¶ 71.) Additionally, Defendant had a criminal history score of six based upon several state criminal convictions. (*Id.* at 17–21, ¶ 83–90.) Defendant also received a two-level enhancement under U.S.S.G. §4A1.1(d) since he committed the offense while under a different

1

criminal justice sentence. (*Id*. at 21, ¶ 91.) This resulted in a total criminal history score of eight, which established a criminal history category of IV. (*Id*. at 22, ¶ 92.) Based upon a total offense level of 35 and a criminal history category of IV, the defendant's guideline imprisonment range was calculated at 235-293 months. (*Id*. at 28, ¶ 142.) At his sentencing hearing on April 13, 2022, Defendant was sentenced to 156 months' imprisonment in accordance with the terms of his plea agreement. (Doc. 57 at 2.)

On January 2, 2025, Defendant filed a motion for a sentence reduction on the basis that: (1) *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), requires the government to have charged him with a larger drug weight amount to properly establish the statutory mandatory minimum sentence of 10 years pursuant to 21 U.S.C. § 841(b)(1)(A)(viii); (2) retroactive application of Amendment 821 lowers his sentencing guideline range; (3) a 2-level enhancement pursuant to Section 2D1.1(b)(1) should not have applied to his sentence; and (4) his sentence should be reduced to avoid unwarranted sentencing disparities. (Doc. 94.)

**II.   Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentence reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id*. Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he

"has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.*

**III.    Analysis**

    **A. Exhaustion**

To consider a motion for a sentence reduction, Defendant must first exhaust his administrative remedies at the BOP. *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020). The government asserts that Defendant has not presented any evidence of filing a request for a sentence reduction with the warden at FCI Herlong and argues "[t]o that end, this Court is left to question exactly what the defendant asked of the Warden in his request for a sentence reduction." (Doc. 96 at 4.) Therefore, the government argues that Defendant's motion should be

3

denied as he has failed to demonstrate proof of exhaustion.

Upon review of Defendant's motion for a sentence reduction, he indicated in his motion that he filed a request for a sentence reduction with the warden of FCI Herlong, but he also stated that he had not received a response. (Doc. 94 at 14.). Nevertheless, Defendant did not attach a copy of this written request to BOP with his motion. If Defendant had attached a copy of his request to his motion, he would have presumptively satisfied the proof of exhaustion requirement. *United States v. Harris*, 505 F. Supp. 3d 1152, 1157 (D. Kan. 2020). However, Defendant's failure to attach a copy of his letter to the warden leaves the court without any means to determine for which of his claims he has exhausted his administrative remedies. *United States v. Fillman*, No. 06-10218-JWB, 2025 WL 1918570, at *3 (D. Kan. July 11, 2025) (holding under *Hemmelgarn* that a defendant had failed to establish proof that he exhausted his administrative remedies under § 3582(c)(1)(A) by not attaching a copy of the letter to the warden). Since the government has raised exhaustion here, the court concludes that Defendant has not satisfied the requirements to obtain a sentence reduction under the statute due to not providing a record of his request to the BOP. Therefore, his motion for a sentence reduction must be denied.

**B. Section 3582 claims**

Nevertheless, to avoid the waste of resources that would likely flow from Defendant refiling his motion for a sentence reduction with the required documentation or otherwise seeking reconsideration by providing the necessary documents, the court will also address the merits of his motion. The court will address each of the arguments raised by Defendant in the order they are presented in his motion.

1. *Apprendi* and *Alleyne* do not provide relief to Defendant in this case

Defendant alleges that the Government did not properly charge him in the superseding

indictment regarding the converted drug weight between 30,000 kilograms to 90,000 kilograms which was used to calculate his sentence in the PSR. (Doc. 94 at 17.) Instead, Defendant contends that he pled to conspiracy to distribute and possess 50 grams or more of Methamphetamine, and that the alteration of the actual drug weight to a converted drug weight violated the Supreme Court's holdings in *Apprendi* and *Alleyne*, which hold that every essential element of an offense must be charged in an indictment. However, this argument misunderstands the difference between a charged element of an offence and a converted drug wight under the United States Sentencing Guidelines. Count one of the Superseding Indictment in this case, to which Defendant pled guilty on January 20, 2022, charges Defendant with Conspiracy to Distribute 50 grams or more of methamphetamine.[1] (Doc. 30 at 1–2.) The table found at USSG §2D1.1(c)(2) shows that Defendant would receive the same Base Offense Level of 36, regardless of whether the court evaluates the 2,863.52 grams of methamphetamine (actual) or the converted drug weight of 59,312.25 kg. (Doc. 55 at 15.) Under either sentencing metric, Defendant received the proper Base Offense Level of 36, and so the use of a converted drug weight does not violate the charging requirements of *Apprendi* and *Alleyne*, since the superseding indictment properly charged the elements of the offense and then Defendant pled guilty to the charge. The use of a converted drug weight for calculation purposes did not introduce any prejudice nor did it enhance Defendant's sentence at all. Therefore, Defendant's motion for a sentence reduction based on improper charging of drug weights under *Apprendi* and *Alleyne* is denied.

**2. Defendant does not qualify for a sentence reduction under Amendment 821 to the**

---

[1] Defendant appears to take issue with the fact that the superseding indictment does not state the exact quantity of methamphetamines involved in the criminal offense. However, count one merely establishes 50 grams as a floor for purposes of applying the criminal statute. Thus, the count in the superseding indictment to which Defendant properly pled guilty includes the entire weight of methamphetamines involved in the offense, so long as there was more than 50 grams (and here there were 2,863.52 grams of methamphetamine (actual), *see* Doc. 55 at 15).

**Sentencing Guidelines**

Defendant seeks a reduction in his sentence on the basis that Amendment 821 to the Sentencing Guidelines provides an adjustment for certain offenders and limits the criminal history impact of "status points" in Section 4A1.1 of the Guidelines.[2] "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 changes the computation of criminal history points that are added if the defendant committed the offense "while under any criminal justice sentence"—i.e., "status points." U.S.S.G. § 4A1.1(e) (2023).

Defendant's PSR shows that he had a criminal history score of six and had two "status points" added under the previous version of section 4A1.1(d). (Doc. 55 at 21.) However, under the new sentencing guidelines after Amendment 821, Defendant argues that he should no longer receive a 2-point enhancement for committing their instant federal offense while under a prior criminal justice sentence, *see* U.S.S.G. § 4A1.1(e), and as a result his Criminal History Category should drop to III. (Doc. 94 at 20.) The Government also concedes this argument in their response to the motion and agrees that Defendant's criminal history score would be lowered to six and his criminal history category would be lowered to III. (Doc. 96 at 12.) However, even with this

---

[2] Although Defendant raises an argument pertaining to the Amendment 821 sentencing changes in a motion for a sentence reduction under Section 3582(c)(1)(A), Defendant's argument that Amendment 821 has reduced his sentencing range would properly be a challenge brought under Section 3582(c)(2). Given that Defendant is pro se, the court will liberally construe this argument as being properly raised under 18 U.S.C. § 3582(c)(2).

reduction in criminal history score and category, Defendant has not shown that he is entitled to a sentence reduction under the 156 months to which he was previously sentenced.  This is because Defendant's amended guideline imprisonment range would now be 210-262 months instead of the original guideline range of 235-293 months.  (*Id.*)  This reduced range is still far above the 120 to 156-month mandatory range set out in Defendant's Rule 11(c)(1)(C) plea agreement.  In line with the Policy Statement at U.S.S.G. § 1B1.10(b)(2), a court cannot "reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A).  Thus, even with the 821 Amendment reductions to his criminal history, Defendant would still be sentenced to 156 months under the mandatory range of his Rule 11(c)(1)(C) plea deal.

Defendant's motion for a sentence reduction under § 3582(c)(2) on the basis that there is a change in the Sentencing Guidelines is denied.

3. **The Government has satisfied its burden that an enhancement under Section 2D1.1(b)(1) should apply**

Defendant next argues that his sentence improperly included a 2-level firearm enhancement under Section 2D1.1(b)(1) "because the firearm was found in [his] residence and was not connected to any drug transactions."  (Doc. 94 at 21.)  Defendant argues there is "no evidence suggesting [the gun found in Defendant's residence] was used to protect or facilitate drug activities" and that "he did not possess or intend to use the firearm to further any drug-related activities."  (*Id.*)

As an initial consideration, arguing that a gun enhancement was improperly attached is a collateral attack on his sentence, and does not relate to an extraordinary or compelling reason for a sentence reduction (section 3582(c)(1)) or a change in sentencing (section 3583(c)(2)).  The

7

proper vehicle for this argument is a motion under 28 U.S.C. § 2255. *United States v. Wesley*, 60 F.4th 1277, 1288 (10th Cir. 2023).

Nevertheless, addressing the merits of Defendant's arguments, the Government has the burden to show that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant. *United States v. Martinez*, 82 F.4th 994, 1001 (10th Cir. 2023). This necessary nexus between the weapon, drug trafficking and defendant "may be established by showing that the weapon was located nearby the general location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *United States v. Alexander*, 292 F.3d 1226, 1231 (10th Cir. 2002) (citation omitted). "[T]he plain language of section 2D1.1(b)(1) and its commentary permit a trial judge to enhance a drug defendant's sentence for mere possession of a dangerous weapon even if there is no evidence other than proximity to suggest the gun was connected to the offense." *United States v. Roberts*, 980 F.2d 645, 647 (10th Cir. 1992). In this case, officers found a Glock 22 handgun near where bags of methamphetamine were located in Defendant's residence. (Doc. 55 at 12-13, ¶ 57.) This fact was included in Defendant's PSR (along with the section 2D1.1(b)(1) firearm enhancement calculation), and Defendant failed to object to its inclusion. Therefore, the government has met its burden to show a nexus between Glock 22 handgun, the drug trafficking activity, and the defendant by alleging facts that allow the gun to be linked to the underlying drug activity. Defendant's motion based on Section 2D1.1(b)(1) is denied.

**4.    Defendant has not shown a sentencing disparity with similarly situated defendants**

Defendant alleges that his sentence is disparate relative to other defendants who were sentenced for similar crimes after 2018.[3] (Doc. 94 at 23). However, Defendant fails to show how

---

[3] In Defendant's reply brief, he alleges that the defendant in *United States v. Ledezma-Rodriguez*, 472 F. Supp. 3d 498 (S.D. Iowa 2020) was similarly situated. However, the defendant in that case had been sentenced to life in prison, and

8

his sentence is an outlier compared to similarly situated other defendants. If sentenced today, Defendant would receive the same sentence he received in April 2022. This is because Defendant signed a Rule 11(c)(1)(C) plea agreement, which the court accepted, with a mandatory sentencing range of 120 to 156-months. A similarly situated defendant, if sentenced today, would face a prison sentence of 210-262 months, which is well above Defendant's sentence.

Moreover, Defendant fails to show how he has an extraordinary and compelling reason for the court to grant a sentence reduction in this case. Defendant notes that "he has taken numerous steps to attempt to improve himself in 'post-conviction rehabilitation.'" (Doc. 94 at 25.) He contends that he "has worked long and hard and diligently at his rehabilitation," and that "he already completed numerous BOP programs and courses for his betterment." (*Id.*) While these behaviors are commendable and work in his favor for purposes of this analysis, they do not independently provide a basis for sentence reduction under 18 U.S.C. § 3582(c). Thus, Defendant's motion for a sentence reduction based on avoiding unwarranted sentencing disparities is denied.

## IV.    Conclusion

Therefore, given that Defendant has not shown an extraordinary and compelling reason for a reduction in his sentence, Defendant's motion for a sentence reduction (Doc. 94) is DENIED. IT IS SO ORDERED. Dated this 22nd day of July 2025.

                                                                                                          _s/ John Broomes_____
                                                                                                           JOHN W. BROOMES
                                                                                                           UNITED STATES DISTRICT JUDGE

---

the court granted his motion for compassionate release under section 3582 due to changes in the underlying law altering the proper sentence to a 15-year imprisonment rather than life. *Id.* at 504–05. This is not comparable to Defendant's situation at all. Defendant also cites to an alleged Tench Circuit case of *United States v. Bake*r, 855 F. App'x 465 (10th Cir. 2021). The court has been unable to locate this case. The citation provided by Defendant in his reply brief is to the case *United States v. Akers*, 855 F. App'x 465 (10th Cir. 2021), which deals with the exhaustion requirement under § 3582(c)(1)(A). Perhaps the case might be *United States v. Baker*, No. CR 16-179, 2020 WL 4584195 (E.D. La. Aug. 10, 2020) (denying a motion for release under § 3582(c)(l)(A)); *United States v. Baker*, 129 F.3d 131 (10th Cir. 1997) (affirming dismissal of claims under § 2255 related to ineffective assistance of counsel); or *United States v. Baker*, 166 F.3d 348 (10th Cir. 1998) (evaluating proper drug calculations for a criminal defendant). However, none of these cases state the proposition which Defendant attempts to argue.